IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03218-PAB-GPG

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

MESH SUTURE INC.,
MARK A. SCHWARTZ,
RANDA DUMANIAN,
GREGORY A. DUMANIAN, and
ADOM DUMANIAN,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on the Moving Defendants' Emergency Motion for an Order that an Automatic Stay Under Bankruptcy Code Section 362 Does Not Apply to This Interpleader Action [Docket No. 29] filed by defendants Mesh Suture Inc. ("Mesh Suture"), Randa Dumanian, Gregory A. Dumanian, and Adom Dumanian (the "Dumanians") (together, the "moving defendants"). Defendant Mark A. Schwartz ("Schwartz") filed a response opposing the motion. Docket No. 33. Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") has not filed a response.

## I. BACKGROUND

This interpleader action arises out of a dispute as to who controls Mesh Suture's bank account at Wells Fargo (the "Mesh Suture bank account") – Schwartz or the Dumanians. Docket No. 1 at 1-2, ¶¶ 1-2. The relevant facts, as alleged in the

interpleader complaint, are that "a dispute over control of Mesh Suture developed" between Schwartz and the Dumanians in August of 2019. *Id*. at 4, ¶ 17. On or about August 31, 2019, the Dumanians purported to fire Schwartz from his role as Mesh Suture's chief executive officer and replace him with Randa Dumanian. *Id*., ¶ 20. On or about September 3, 2019, Schwartz transferred the entire balance of the Mesh Suture bank account into an account held by a limited liability company controlled by Schwartz. *Id*., ¶¶ 21-22. On or about September 6, 2019, Schwartz transferred the same amount back into the Mesh Suture bank account from an account held by a limited liability partnership controlled by Schwartz. *Id*. at 4-5, ¶¶ 23-24. Wells Fargo subsequently restricted access to the Mesh Suture bank account, permitting payments only where Schwartz and the Dumanians jointly agreed that the payments were necessary. *Id*. at 5, ¶¶ 25-29. The Mesh Suture bank account's current balance is $3,363,839.40. *Id*., ¶ 30.

On November 13, 2019, Wells Fargo filed this interpleader action. Docket No. 1. Wells Fargo seeks to interplead the funds in the Mesh Suture bank account into the Registry of the Court in order for Mesh Suture, the Dumanians, and Schwartz to make their legal claims to the funds. *Id*. at 5, ¶ 32. The moving defendants filed an answer (with the Dumanians purporting to have authority to act on behalf of Mesh Suture) on November 19, 2019. Docket No. 9. Schwartz did not file an answer or other responsive pleading; the deadline to do so expired on January 9, 2020.

On November 23, 2019, the moving defendants (save Adom Dumanian) filed an "emergency motion" to appoint a receiver for the Mesh Suture bank account during the

pendency of this interpleader action. Docket No. 11. The emergency motion argues that a receiver is necessary to pay Mesh Suture invoices from the Mesh Suture bank account while this action is pending. *Id*. at 9. Schwartz did not file a response to the motion. The motion is currently pending before Magistrate Judge Gordon P. Gallagher and a hearing on the motion is set for January 31, 2020. Docket Nos. 25, 27.

On January 10, 2020, the moving defendants filed the instant motion. The moving defendants represent that, on January 9, 2020, Schwartz filed a Chapter 11 bankruptcy petition on behalf of Mesh Suture in the United States Bankruptcy Court for the District of Puerto Rico (the "Puerto Rico bankruptcy case"). Docket No. 29 at 2; *see also* Docket No. 29-1 (bankruptcy petition). The moving defendants further represent that Schwartz's counsel in Puerto Rico sent a letter to Wells Fargo representing that (1) this action is automatically stayed pursuant to 11 U.S.C. § 362 and (2) as a result of the automatic stay, Wells Fargo must transfer the funds in the Mesh Suture bank account to a new bank account at Banco Santander de Puerto Rico. *Id*. at 2-3; *see also* Docket No. 29-2 (letter to Wells Fargo). The moving defendants request that the Court issue an order that (1) declares that the automatic stay does not apply to this action and (2) directs Wells Fargo to maintain control of the funds in the Mesh Suture bank account pending further order of the Court. *Id*. at 8.

On January 16, 2020, Schwartz filed a response to the motion. Docket No. 33. Schwartz argues that (1) the interpleader action should be dismissed for lack of diversity jurisdiction because the claimants are all citizens of Puerto Rico, (2) the Court does not have jurisdiction to hear the instant motion because the Bankruptcy Court in

Puerto Rico has exclusive jurisdiction to grant relief from the automatic stay, and (3) the automatic stay should remain in place until the Bankruptcy Court in Puerto Rico decides how to proceed. *Id*. On January 17, 2020, Zabelle Crosson ("Crosson"), who serves on the Mesh Suture Board of Directors, moved to intervene in this case. Docket No. 35. That motion is also pending before the magistrate judge. Docket No. 36. Crosson has filed a notice joining the instant motion pending her intervention in the case. Docket No. 37.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Before turning to the merits of the instant motion, the Court considers Schwartz's argument that the entire action must be dismissed for lack of subject matter jurisdiction.

Wells Fargo brings this interpleader action pursuant to 28 U.S.C. § 1335, which requires "[t]wo or more adverse claimants, of diverse citizenship" in order for the district court to have jurisdiction. This provision requires only "minimal diversity" – "diversity of citizenship between two or more claimants." *State Farm Fire & Cas. Co. v .Tashire*, 386 U.S. 523, 531 (1967). The interpleader complaint alleges that Mesh Suture is a citizen of Puerto Rico, that Schwartz is a "resident" of Colorado, and that the Dumanians are citizens of Illinois. Docket No. 1 at 2, ¶¶ 6-10. Schwartz argues that he and the Dumanians are, in fact, citizens of Puerto Rico; thus, all of the claimants are citizens of Puerto Rico and there is no diversity of citizenship.[1] Docket No. 33 at 3-4.

---

[1] To the extent that Schwartz's response purports to move to dismiss the interpleader action, such motion not properly before the Court. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").

4

The Dumanians have not responded to Schwartz's jurisdictional allegations. At this stage, the Court determines that the issue of whether the Court has subject matter jurisdiction is not ripe for decision. *See* 5B Arthur R. Miller et al., *Fed. Prac. & Proc.* § 1350 (3d ed. Aug. 2019 update) ("The district court may postpone a decision on the question of subject matter jurisdiction . . . if [affidavits and other evidence] that have been offered by the parties are inconclusive.").[2] The Court will order a response from plaintiff and the moving defendants as to the jurisdictional issue raised by Schwartz. However, this action will proceed – including resolution of both this motion and the motion to appoint a receiver – while the parties complete briefing on the jurisdictional issue.

B. **Automatic Stay**

The Court turns to the moving defendants' argument that this case is not subject to the automatic stay arising out of the Puerto Rico bankruptcy case. The Court has jurisdiction to decide whether the automatic stay applies to this case. *Amoco Pipeline Co. v. Admiral Crude Oil Corp.*, 490 F.2d 114, 116 (10th Cir. 1974) (holding that interpleader court "had jurisdiction to decide whether the case [was] properly before it"

---

[2] At this juncture, the Court is skeptical that the documents offered by Schwartz to prove the Dumanians' citizenship are as conclusive as Schwartz claims. Schwartz provides documentation that the Dumanians represented themselves as residents of Puerto Rico in various government documents. Docket Nos. 33-2, 33-3, 33-4, 33-5. However, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

(internal quotations and citations omitted)).³

The filing of a bankruptcy petition operates as an automatic stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The purpose of the automatic stay is to "ensure[] that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (quoting *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991)).

The Court is not persuaded that the automatic stay applies to this interpleader action. In *National Cooperative Refinery Ass'n v. Rouse*, 60 B.R. 857 (D. Colo. 1986), another court in this district determined that the automatic stay did not apply to an interpleader action. The court reasoned that, because the purpose of the interpleader action was to determine who had title to the interpleaded *res*, the *res* was not the "property of the estate" of the debtor under § 362(a). *Id.* at 860. Similarly, here the purpose of the automatic stay is to determine which claimant has the right to the funds contained in the Mesh Suture account. It does not "have the object of 'obtaining possession of property of the estate.'" *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir. 1985) (quoting 11 U.S.C. § 362(a)(3)). Instead, the purpose

---

³ Schwartz cites *In re Marriage of Barber*, 811 P.2d 451 (Colo. App. 1991), for the proposition that "a bankruptcy court has exclusive jurisdiction to grant relief from the automatic stay." Docket No. 33 at 4 (quoting *Barber*, 811 P.2d at 455). However, the question of whether to grant relief from the automatic stay is distinct from the question of whether the automatic stay applies to an action in the first place. *Cf. Amoco Pipeline*, 490 F.2d at 117 (holding that district court's "exercise of jurisdiction and refusal to stay its proceedings" was correct).

of this action is "to provide an orderly forum for resolution of conflicting claims to [the Mesh Suture bank account]." *Id.*; *see also Shell Pipe Line Corp. v. West Tex. Marketing Corp.*, 540 F. Supp. 1155, 1161 (S.D. Tex. 1982) (noting the absence of any authority "in which an interpleader action, naming a debtor as a claimant, has been construed as the assertion of a claim against the debtor or against his property").[4] Although Schwartz suggests that "maintaining" the automatic stay is appropriate, he offers no authority or legal analysis explaining why this action is within the scope of the automatic stay in the first place. *See* Docket No. 33 at 4-5. Accordingly, the Court holds that the automatic stay does not apply to this action.[5]

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Moving Defendants' Emergency Motion for an Order that an Automatic Stay Under Bankruptcy Code Section 362 Does Not Apply to This

---

[4] Neither party raises 11 U.S.C. § 362(a)(1) as a potential basis for the automatic stay to apply. This provision stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." The Court is not persuaded that this interpleader action is an action or proceeding against the debtor. *See Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12, 14 (N.D. Cal. 1989) (holding that, where "the bankrupt party is one of the claimants" to the interpleaded *res* and the stakeholder is disinterested, an interpleader action is not "an action against the debtor" within the meaning of § 362(a)(1)).

[5] The moving defendants request that the Court order Wells Fargo to "maintain control of [the Mesh Suture bank account] until this Court either permits interpleader of the funds into this Court's Registry or until a final disposition of the case and that Mesh Suture's funds are not to be wired or sent to Puerto Rico unless this Court later orders otherwise." Docket No. 29 at 8. The moving defendants identify no legal authority for the Court to issue such an order; thus, this portion of the moving defendants' motion will be denied.

Interpleader Action [Docket No. 29] is **GRANTED IN PART** and **DENIED IN PART** as consistent with this order. It is further

**ORDERED** that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to this action. It is further

**ORDERED** that Wells Fargo and the moving defendants shall submit briefs addressing Schwartz's jurisdictional argument and whether this Court has subject matter jurisdiction over this action on or before February 10, 2020. Briefs shall not exceed 15 pages. Schwartz may file a reply brief, not to exceed 10 pages, on or before February 24, 2020.

DATED January 29, 2020.

BY THE COURT:

S/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge