IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03218-PAB-GPG

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

MESH SUTURE INC.,
MARK A. SCHWARTZ,
RANDA DUMANIAN,
GREGORY A. DUMANIAN, and
ADOM DUMANIAN,

    Defendants.

---

# MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on the Motion to Exceed 15 Page Limit of Motions for Reconsideration [Docket No. 63] filed by defendant Mark A. Schwartz, not on his own behalf but purportedly "in a special and limited appearance" as counsel for defendant Mesh Suture, Inc ("Mesh Suture"). The motion requests that the Court allow Schwartz, on behalf of Mesh Suture, to file a thirty-page motion for reconsideration (the "motion for reconsideration") of the Court's Order [Docket No. 40] dated January 29, 2020. Such motion would be fifteen pages in excess of the Court's standard page limit. *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.A ("All motions . . . shall not exceed **fifteen pages**."). The motion contends that the excess pages are necessary "in order to fully apprise the Court in the premises." Docket No. 63 at 1. Schwartz subsequently filed the motion for reconsideration. Docket No. 64.

    The motion is deficient for several reasons. First, Schwartz purports to enter a "special and limited appearance on behalf of [Mesh Suture] until formal counsel can be retained." Docket No. 63 at 1. However, Magistrate Judge Gordon P. Gallagher has denied without prejudice several motions filed by Schwartz, *see* Docket Nos. 49, 51, 57, 70, requesting that the Court allow him to enter either a full appearance or limited representation on behalf of Mesh Suture. Docket Nos. 66, 68, 72. Thus, at this juncture, Schwartz does not have authority to file the instant motion on behalf of Mesh Suture. *See* D.C.COLO.LAttyR 5(a)(2) ("[A]n attorney may provide limited representation to an unrepresented party . . . by order granting a motion which defines the scope of limited representation with reasonable particularity. . . . Any change in the

scope of the limited representation must be approved by the Court."). Second, the motion does not comply with D.C.COLO.LCivR 7.1(a). The rule states that "counsel for the moving party . . . shall confer or make reasonable good faith efforts . . . to resolve any disputed matter." Schwartz states that he "emailed and or spoke[] with opposing [c]ounsel to confer and inform them of these filings and request their consent to the relief requested herein." Docket No. 63 at 1. However, Local Rule 7.1(a) "is not satisfied by a party making a demand for compliance." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). Third, even assuming that the motion is procedurally proper, the motion fails to demonstrate "good cause" for exceeding the page limitation in the Practice Standards. *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.A ("Motions to exceed the page limitations set forth in these Practice Standards will be granted only upon a showing of good cause."). In this context, the bare statement that the excess pages are necessary "in order to fully apprise the Court in the premises" does not constitute good cause shown.[1] As a final matter, even assuming that the Court permitted Schwartz to file the motion to reconsider, the other parties to this action are entitled to a reasonable time to respond before the Court rules on the motion to reconsider. It is therefore

**ORDERED** that the Motion to Exceed 15 Page Limit of Motions for Reconsideration [Docket No. 63] filed by defendant Mark A. Schwartz is **DENIED**. It is further

**ORDERED** that the Emergency Motion for Reconsideration of Order Dated January 29, 2020 and Request for Stay of Actions Until the Puerto Rico Bankruptcy Court for the District of Puerto Rico Resolves Pending Issues [Docket No. 64], the Emergency Motion for Reconsideration of Order Dated January 30, 2020 Denying Motion for an Extension of Time to File a Reply on Receivorship [sic] Motion, for a Continuance, and to Request for Stay of Actions and Hearing on Receivorship [sic] Motion Until the Puerto Rico Bankruptcy Court for the District of Puerto Rico Resolves Pending Issues [Docket No. 65], and the Emergency Motion for Continuation of Hearing [Docket No. 69] are **DENIED WITHOUT PREJUDICE**.

Dated February 3, 2020.

---

[1] Schwartz (as purported counsel for Mesh Suture) filed two additional motions for reconsideration. *See* Docket Nos. 65, 69. The Court has denied the portions of these motions that could be construed as an objection to a magistrate judge's order. *See* Docket Nos. 68, 71. The remainder of these motions will be denied without prejudice for the reasons articulated in this order.