IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03218-PAB-GPG

WELLS FARGO BANK, N.A.,

      Plaintiff,

v.

MESH SUTURE INC.,
MARK A. SCHWARTZ,
RANDA DUMANIAN,
GREGORY A. DUMANIAN, and
ADOM DUMANIAN,

      Defendants,

v.

ZABELLE CROSSON,

      Intervenor Defendant.

---

## ORDER

---

This matter comes before the Court on Defendant Gregory Dumanian's Motion for Leave to File Crossclaims Against Defendant Mark Schwartz [Docket No. 127], Dr. Dumanian's Motion to Exceed Page Limitation on Crossclaimant's Motion for Preliminary Injunction [Docket No. 128], Dr. Gregory Dumanian's Motion for a Preliminary and Permanent Injunction Against Mark Schwartz [Docket No. 129], Mark Schwartz's Motion to Dismiss for Lack of Jurisdiction Pursuant to § 1335 and For Rule to Show Cause [Docket No. 151], objections [Docket Nos. 172, 173] to the magistrate judge's June 1, 2020 order [Docket No. 161], Defendant's Urgent Motion to Enjoin

Receiver From Making Non-Essential Payments on Mesh Suture's Behalf Until Further Order of the Court [Docket No. 193], the August 7, 2020 Report and Recommendation of Magistrate Judge Gordon P. Gallagher [Docket No. 199], and Schwartz's Notice of Intent to File Written Objections to Magistrate's Recommendation (D.199) in Response to Movant's Motion to Enjoin (D.193) Pursuant to Fed. R. Civ. P. 72(b) and Request to Set a Hearing Pursuant to Fed. R. Civ. P. 12, 53, 65, and 78 [Docket No. 200].

## I. BACKGROUND

### A. Factual Background

This interpleader action arises out of a dispute as to who controls a bank account (the "account") opened on August 3, 2017 at a Colorado branch of Wells Fargo Bank, N.A. ("Wells Fargo") by Mark A. Schwartz ("Schwartz") in the name of Mesh Suture, Inc. ("Mesh Suture"). Docket No. 1 at 1-2, 4, ¶¶ 1-2, 15. On November 13, 2019, Wells Fargo filed an interpleader complaint due to "a dispute over control of Mesh Suture" between defendant Schwartz on one side and defendant Gregory Dumanian ("Dr. Dumanian"), defendant Randa Dumanian ("Ms. Dumanian"), and defendant Adom Dumanian (collectively "the Dumanians") on the other side. *Id*. at 4, ¶ 17. Until mid-August 2019, Schwartz and Dr. Dumanian were the only members of the Mesh Suture Board of Directors and Schwartz was the chief executive officer ("CEO"). Docket No. 129 at 5, 7. At the end of August 2019, Dr. Dumanian purported to fire Schwartz from his role as Mesh Suture's CEO and replace him with Ms. Dumanian. Docket No. 1 at 4, ¶ 20. Dr. Dumanian claimed to have the authority to do so from Schwartz's January 1, 2019 employment agreement. Docket No. 129 at 7. On

September 17, 2019, Wells Fargo became aware of the dispute over control of Mesh Suture and restricted access to the Mesh Suture bank account, permitting payments only where Schwartz and the Dumanians jointly agreed that the payments were necessary.  Docket No. 1 at 5, ¶¶ 25-29.  The Mesh Suture bank account contained $3,363,839.40 as of the filing of the interpleader action.  *Id.*, ¶ 30.

Dr. Dumanian allegedly fired Schwartz as CEO on August 31, 2019.  Docket No. 129 at 7.  On September 2, 2019, Schwartz purported to terminate Dr. Dumanian's employment.  *Id.*  On September 3, 2019, Schwartz transferred $3,929,135.89 from the account to a limited liability company owned and controlled by him.  *Id.* at 11-12.  After Dr. Dumanian learned of the transfer of the funds, Dr. Dumanian and Schwartz had a telephone conversation.  *Id.* at 9.  As a result of this conversation, on September 5, 2019, Dr. Dumanian signed board resolutions that purported (a) to name Schwartz as Chairman of the Board of Mesh Suture, (b) to reduce the number of Board directors from nine to five, and (c) to allow Schwartz to name four of the five directors.  *Id.* at 10-11.  Dr. Dumanian argues that he signed the September 5, 2019 Board Resolutions (the "Board Resolutions") under extreme duress, *id*. at 12; Schwartz argues there was no duress.  Docket No. 188 at 3, ¶ 7.  After Dr. Dumanian signed the Board Resolutions, Schwartz transferred the funds back into the account.  Docket No. 129 at 12.

The control of Mesh Suture has spawned a number of lawsuits.  On October 11, 2019, the Dumanians filed a complaint against Schwartz in the United States District Court for the Northern District of Illinois (the "Illinois lawsuit").  *Dumanian v. Schwartz*,

No. 19-cv-06771, Docket No. 1 (N.D. Ill.).  In the Illinois lawsuit, the Dumanians bring claims for (1) rescission of the September 5, 2019 Board Resolutions due to economic duress; (2) rescission of a September 10, 2019 settlement agreement due to economic duress; (3) declaratory judgment regarding the parties' rights to designate directors; (4) declaratory judgment regarding Dr. Dumanian's termination of Schwartz as CEO of Mesh Suture; and (5) unjust enrichment.  *Id.*, Docket No. 16 at 20-27.

### B.  Procedural Background

Wells Fargo names Schwartz, Dr. Dumanian, Ms. Dumanian, Adom Dumanian, and Mesh Suture as "claimant defendants" in this interpleader action and seeks to interplead the funds so that the claimant defendants may litigate control of the account between themselves.  No. 19-cv-03218, Docket No. 1 at 1, 2, ¶ 3.

On November 23, 2019, Dr. Dumanian and Ms. Dumanian (purporting to act for Mesh Suture) filed an "emergency motion" to appoint a receiver for the Mesh Suture bank account during the pendency of the interpleader action.  Docket No. 11.  The emergency motion argued that a receiver was necessary to pay Mesh Suture invoices from the account while this action is pending.  *Id*. at 9.  Magistrate Judge Gordon P. Gallagher set a hearing on the receiver motion for January 31, 2020.  Docket No. 27. At the hearing, Judge Gallagher granted the motion to intervene filed by Zabelle Crosson ("Crosson"), a shareholder and member of the Board of Mesh Suture.  Docket No. 75; Docket No. 35 at 2.

On February 11, 2020, Judge Gallagher issued a written order granting the receiver motion (the "receiver order").  Docket No. 87.  Judge Gallagher noted that the

Dumanians have alleged "an imminent danger that the funds [in the Mesh Suture bank account] will be lost, concealed, or diminished in value if a receiver is not appointed – and their claim appears valid." *Id.* at 6.  Judge Gallagher further concluded that "it does not appear that Schwartz will be harmed in any way if a receiver is appointed, as he too claims to be working in the best interest of Mesh Suture." *Id*.

On April 10, 2020, Wells Fargo filed a motion to interplead the account funds with the registry of the Court.  Docket No. 122.   On April 19, 2020, Dr. Dumanian filed a motion for leave to file cross-claims against Schwartz and a motion for a preliminary and permanent injunction seeking judgment in his favor on the proposed cross-claims and asking that, pursuant to Fed. R. Civ. P. 65(a)(2), the preliminary injunction hearing be consolidated with the trial on the merits.  Docket No. 127; Docket No. 129 at 1, 30. On April 24, 2020, Schwartz filed a disclaimer of "all personal rights, title, lien, claim or interest in" the account.  Docket No. 132 at 1.  Also on April 24, 2020, Schwartz filed an answer to the complaint.  Docket No. 133.  On May 12, 2020, Schwartz filed a Rule 12 motion to dismiss based on a lack of jurisdiction.  Docket No. 151.

On June 1, 2020, the magistrate judge issued an order denying Wells Fargo's motion to interplead the account funds into the Court registry and denying as moot the Dumanians' objection to the April 16, 2020 financial report of the receiver and Dr. Dumanian's motion for payment of invoices.  Docket No. 161 at 13.  Schwartz and Dr. Dumanian filed objections to the order.  Docket Nos. 172, 173.  On July 29, 2020, Schwartz filed a motion to enjoin the receiver from making non-essential payments. Docket No. 193.  On August 7, 2020, the magistrate judge issued a recommendation that this motion be denied and also that Schwartz be dismissed from this lawsuit due to

5

lack of standing based on his disclaimer of interest in the interpleader funds.  Docket No. 199.  Schwartz filed an objection.  Docket No. 202.

On August 25, 2020, the Court issued a minute order for the parties to brief the issue of whether the Court should transfer this action to the Northern District of Illinois under the first-to-file rule.  Docket No. 203.  Wells Fargo, the receiver, Dr. Dumanian, and Crosson all submitted briefs opposing the transfer, *see* Docket Nos. 209, 210, 211, 213, while Schwartz submitted a brief consenting to the transfer.  Docket No. 212.

## II. ANALYSIS

### A.  The June 1, 2020 Order

On June 1, 2020, the magistrate judge denied without prejudice Wells Fargo's motion to interplead funds.  Docket No. 161 at 12.  The magistrate judge also denied as moot the Dumanians' objection to the receiver's financial report and Dr. Dumanian's motion for court order for payment of certain invoices.  *Id.* at 13.  The magistrate judge found that the court has jurisdiction over this case because it meets the requirements for interpleader under 28 U.S.C. § 1335: (1) an identifiable stake, or res, valued at $500 or more, and (2) claims against the stake by minimally diverse, adverse claimants.  *Id.* at 6.  The magistrate judge concluded that Schwartz's disclaimer of interest in the account did not destroy minimal diversity because diversity is determined at the time of filing of the interpleader complaint and, at the time of filing, Mesh Suture and Dr. Dumanian were diverse.[1]  *Id.* at 7-8 (citing Docket No. 118 at 11).  The magistrate judge

---

[1] The magistrate judge noted that, regardless of diversity at the time of filing, minimal diversity exists when Crosson's citizenship is taken into account given that she may bring adverse claims in the future.  Docket No. 161 at 8.

determined that Schwartz's disclaimer was a valid disclaimer of his legal right or claim to the account. *Id.* at 12. The magistrate judge found that depositing the funds in the registry of the Court would defeat the purpose of appointing a receiver because it would eliminate the receiver's ability to manage the account. *Id.* at 10-11. The magistrate judge also declined to divert the funds to a "receivership account" that the receiver would manage in lieu of depositing the funds with the Court because the magistrate judge found no authority supporting his ability to do so. *Id.* at 11.

### 1. *Schwartz's Objections*

Schwartz filed an objection to the magistrate judge's June 1, 2020 order, in which he argues that (1) the magistrate judge's denial of Wells Fargo's motion to interplead the funds divested the Court of jurisdiction because interpleader of the funds is a condition precedent to jurisdiction; (2) Wells Fargo cannot deposit the entire amount in controversy with the Court registry; (3) there are no longer two adverse claimants because he disclaimed his interest in the bank account; (4) his disclaimer did not come too late to divest the Court of jurisdiction; (5) Mesh Suture is not properly before the Court; (6) the magistrate judge interpreted the disclaimer too broadly; and (7) no party would be prejudiced by the dismissal or transfer of this case. *See generally* Docket No. 172.

When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous

standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"Interpleader is a form of joinder open to one who does not know to which of several claimants it is liable." *Amoco Prod. Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1114 (D. Colo. 1999) (citation omitted).

> An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. . . . During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*United States v. High Tech. Prods., Inc*., 497 F.3d 637, 641 (6th Cir. 2007) (citation omitted). However, this bifurcation is not mandatory; a court may dispose of the entire action at one time. *Life Ins. Co. of N. Am. v. Hale*, No. 08-cv-02551-RPM-KMT, 2009 WL 2843270, at *2 (D. Colo. Aug. 31, 2009).

### a. Interpleader of the Funds

Schwartz argues that the Court does not have jurisdiction over this case because the magistrate judge denied Wells Fargo's motion to interplead the funds. Docket No. 172 at 6. Section 1335 requires the plaintiff to deposit the funds "into the registry of the court, there to abide the judgment of the court, or [] give[] bond payable to the clerk of the court." 28 U.S.C. § 1335(a)(2). The issue is whether, where deposit of the

contested funds would prevent the payment of ongoing expenses of the business whose control is disputed by the claimants, the Court maintains jurisdiction before such funds are deposited into the Court registry. The magistrate judge found that it was inappropriate to interplead the funds at this time because it would prevent the receiver from managing Mesh Suture's daily financial affairs. Docket No. 161 at 10-11.

Wells Fargo argues that what truly matters is possession of the stake and the ability to deliver it to the registry of the Court, not the actual depositing of the stake with the Court. Docket No. 183 at 3. Wells Fargo cites *Gen. Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 57 (10th Cir. 1977), where the Tenth Circuit stated that the "essential aspect is that the res be under the control of the person bringing the lawsuit, so as to be deliverable to the registry of the court." This requirement is met, Wells Fargo claims, because it is ready, willing, and able to deliver the funds of the account to the registry of the Court. Docket No. 1 at 6, ¶ 41.

The Tenth Circuit has held that interpleading the funds is a condition precedent to jurisdiction over a § 1335 interpleader action. *Gannon v. Am. Airlines, Inc.*, 251 F.2d 476, 481 (10th Cir. 1957) ("making of the deposit or the giving of the bond is a condition precedent to the acquisition of jurisdiction in an action in the nature of interpleader"). However, the Tenth Circuit "appears never to have addressed when disputed funds must be deposited into a court's registry to trigger or maintain subject matter jurisdiction in a statutory interpleader action." *See Prudential Ins. Co. of Am. v. Aynes*, No. 14-cv-01133-RM-KMT, 2015 U.S. Dist. LEXIS 135407, at *2 (D. Colo. Oct. 5, 2015). Because Wells Fargo has made clear its desire to interplead the funds with the Court, Docket No. 1 at 6, ¶ 41, and the management of account by the receiver is necessary to

9

prevent harm to Mesh Suture, Docket No. 87 at 5, the Court finds that it is not necessary for Wells Fargo to have deposited the funds into the registry of the Court in order for the Court to have jurisdiction.

Schwartz cites a number of cases for the proposition that a court cannot exercise jurisdiction over a case if the funds have not been deposited into the court registry, Docket No. 172 at 4, but the Court finds each of them distinguishable.  In *Percival Constr. Co. v. Miller & Miller Auctioneers,* 532 F.2d 166, 171 (10th Cir. 1976), the court found that interpleader was proper under Fed. R. Civ. P. 22, which does not require interpleading the funds.[2]  A defendant argued that the interpleaded funds were not the entire amount in controversy, but the Tenth Circuit declined to address the argument because the action was brought under Rule 22.  *Id.*  Since this case addressed Rule 22 interpleader, and not § 1335 interpleader, it does not support Schwartz's claims.

In *N. Am. Co. for Life & Health Ins. v. Kinard,* No. 10-cv-01960-PAB, 2010 WL 3307363, at *1 (D. Colo. Aug. 18, 2010), the court noted that jurisdiction is dependent on depositing the funds into the registry of the court, but found that condition satisfied by plaintiff's motion to deposit the fund.  Of course, here Wells Fargo has filed such a motion and is willing to interplead the funds.  *See* Docket No. 122.

*Bakkeby v. Prudential Ins. Co. of Am.,* 2013 WL 4807163, at *3 (N.D. Okla. 2013), is similarly distinguishable.  The court found the action was not an interpleader action because the complaint had not invoked interpleader and, since the funds were held by a different person, plaintiffs had no ability to interplead the funds.  *Id.*  Here,

---

[2] The Court notes that the quotation that Schwartz provides from this case does not exist.  *See* Docket No. 172 at 4 (quoting *Percival Constr. Co.*, 532 F.2d at 171).

Wells Fargo invoked interpleader in the complaint and is able to deposit the funds with the court.  Docket No. 1 at 6.

In *AIG Annuity Ins. Co. v. Law Offs. of Theodore Coates, P.C.*, No. 07-cv-01908-EWN-KMT, 2008 WL 4079982, at *7-8 (D. Colo. Sept. 2, 2008), while the court acknowledged that statutory interpleader requires the interpleading of the funds with the court registry, it held that plaintiff's failure to deposit the funds was a jurisdictional defect that was "easily cured" because plaintiff was willing and able to do so.  As a result, the court denied defendant's motion to dismiss.  *Id.* at *8.  In this case, Wells Fargo is similarly willing and able to deposit the funds into the court registry.  *See* Docket No. 122.

Schwartz's reliance on *Network Solutions, Inc. v. Clue Computing, Inc.*, 946 F. Supp 858, 860 (D. Colo. 1996), is unpersuasive because in that case the plaintiff could not deliver a website domain name to the court and could not adequately safeguard it when a preliminary injunction required plaintiff to permit one of the defendants to use the domain name.  Wells Fargo, on the other hand, has the ability to deposit the funds to the court registry.  *See* Docket No. 122.

In *Schneider v. Cate*, 405 F. Supp. 2d 1254, 1267-68 (D. Colo. 2005), the court found that the interpleader action was "fatally flawed" because the party invoking interpleader had deposited a document with the court that was not a tangible or intangible asset that could be distributed by the court.  The document was not the property in dispute, conveyed no value, and did not prevent the parties from disposing

11

of the property.  *Id.* at 1268.  In contrast, Wells Fargo seeks to interplead funds that are the disputed property.[3]  *See* Docket No. 122.

### b.  Sufficiency of the Funds

The second issue Schwartz raises is the sufficiency of the funds that will be interpled.  Schwartz argues that, in order for the Court to have jurisdiction over this action, Wells Fargo is required to interplead the $3,828,598.13 that was in the account when Wells Fargo froze it.  Docket No. 172 at 8.  Schwartz relies on *Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc.*, 472 F.2d 893, 895 (10th Cir. 1973), where the court stated that payment of the entire sum of money in controversy was a condition precedent to a court's jurisdiction in an interpleader action.  The Mesh Suture account had $3,363,839.40 in it when the court appointed the receiver and, based on the receiver's March 24, 2021 report to the Court, the account now contains approximately $1,521,046.32.  Docket No. 224-1 at 2, 5.  Wells Fargo argues that $3,828,598.13 is not the amount in controversy because the balance at the time of filing the interpleader complaint was $3,363,839.40 and the reduction in funds is due to disbursements agreed to by both the Dumanians and Schwartz.  Docket No. 183 at 6-7.

The disbursements that reduced the money in the account from $3,828,598.13 to $3,363,839.40 were made with the consent of both Schwartz and the Dumanians.  *See* Docket No. 133 at 9-10, ¶¶ 26-29.  Wells Fargo's interpleader complaint sought to interplead $3,363,839.40 with the court registry, and nothing has changed regarding

---

[3] Schwartz cites to a number of Fifth and Seventh Circuit cases in a footnote.  *See* Docket No. 172 at 5 n.5.  Because the Court finds that it has jurisdiction under Tenth Circuit caselaw, it need not consider these cases.

Wells Fargo's willingness to deposit the full contents of the account.  *See* Docket No. 1 at 5, ¶¶ 30-32; Docket No. 122 at 3.  The fact that, for the continuity of Mesh Suture, the Court appointed a receiver and the receiver has, with authority conferred on it by the Court, made disbursements to benefit whoever controls Mesh Suture, does not suggest that Wells Fargo is both invoking jurisdiction under the interpleader statute and withholding the funds.  Wells Fargo's ability and willingness to deposit the funds into the court registry is sufficient for the Court to maintain jurisdiction over this case.

### c.  Adverse Claimants

The magistrate judge found that Schwartz's disclaimer of interest did not defeat diversity jurisdiction in this case because (1) minimal diversity existed at the time the interpleader action was filed, which is when interpleader jurisdiction is determined; and (2) since Crosson may bring an adverse claim in the future, her citizenship is properly considered.  Docket No. 161 at 6-8.  Schwartz objects that (1) his disclaimer of interest did not come too late to divest the Court of jurisdiction because the Court does not yet have jurisdiction due to the lack of interpleading funds with the Court registry; and (2) there are no longer two adverse claimants.  Docket No. 172 at 8.

On March 3, 2020, the Court entered an order finding that Dr. Dumanian, a citizen of Illinois, and Mesh Suture, a citizen of Puerto Rico, were diverse.  Docket No. 118 at 11.  In the June 1, 2020 order, the magistrate judge found that the diversity between Dr. Dumanian and Mesh Suture at the time the interpleader action was filed was sufficient for jurisdiction under § 1335.  Docket No. 161 at 8.  The Court agrees with the magistrate judge and finds no error in his conclusion that the Court has jurisdiction.  "[I]nterpleader jurisdiction is determined at the time suit is filed and

13

subsequent events do not divest the court of jurisdiction once properly acquired."
*Walker v. Pritzker*, 705 F.2d 942, 944 (7th Cir. 1983); *see also Bakkeby*, 2013 WL
4807163, at *3 ("[I]nterpleader jurisdiction is determined at the time suit is filed.").
Having found no error in the magistrate judge's conclusion that the Court has
jurisdiction, Schwartz's argument that there are no longer two adverse claimants fails.

### d. Service of Mesh Suture

In Schwartz's response to Wells Fargo's motion to interplead, Schwartz argued
that Mesh Suture was not properly before the Court.  Docket No. 134 at 8.  Schwartz
objects that, in the magistrate judge's June 1, 2020 order on the motion to interplead,
the magistrate judge did not address this argument.[4]  Docket No. 172 at 12.  Schwartz
argues that the interpleader action cannot proceed unless there has been proper
service on all possible adverse claimants, including Mesh Suture.  *Id.*  Schwartz argues
Wells Fargo was required to effectuate service on Mesh Suture either by serving
Schwartz as Mesh Suture's registered agent or another person legally authorized to
accept service on Mesh Suture's behalf.  *Id.*  Schwartz cites *Republic of China v. Am.
Express Co.*, 108 F. Supp. 169, 169 (S.D.N.Y. 1952), for the proposition that the Court
cannot proceed unless Mesh Suture has been served.  Docket No. 172 at 12.
However, that case merely held that the trial in the interpleader action could not
proceed until service was executed on possible adverse claimants.  *Republic of China*,
108 F. Supp. at 170.   The court also stated that a voluntary appearance by the

---

[4] While this is a claimed procedural defect, Schwartz also raises this issue in his
motion to dismiss for lack of jurisdiction.  S*ee* Docket No. 151 at 7.  The Court will
address the argument here.

defendants would establish jurisdiction over them.  *Id.* at 169.  Both Schwartz and Dr.

Dumanian have purported to represent Mesh Suture in this action and enter

appearances on Mesh Suture's behalf.  *See* Docket Nos. 9, 70.  While Mesh Suture is

a defendant in this case, the issue is whether Dr. Dumanian or Schwartz is authorized

to control Mesh Suture and the account.  Mesh Suture cannot make a claim to the

account that is independent of either Schwartz or Dr. Dumanian, as they are the parties

fighting for control of Mesh Suture.  Mesh Suture is therefore not a "genuine claimant"

and service upon Mesh Suture is unnecessary.  *Cf. Gen. Atomic*, 553 F.2d at 58 (party

not a genuine claimant where not asserting entitlement to funds tendered to district

court).

### e. Scope of Disclaimer

Schwartz's final objection to the June 1, 2020 order is that the magistrate judge

erred in not authorizing the receiver to reimburse "previously vetted" pre-receivership

expenses and critical Advanced Suture[5] expenses.  Docket No. 172 at 13.  Schwartz

claims that the order "implies" that he waived his legal right to be reimbursed by Mesh

Suture for expenses Schwartz incurred before the receiver was appointed.  *Id.* at 12.  In

the receivership order, the magistrate judge ordered the receiver to pay essential bills

and invoices that are necessary to keep the Mesh Suture headquarters running until the

control dispute is resolved.  Docket No. 87 at 7.  The receivership order also states that

the receiver may consult with defendants about which invoices should be paid, but the

"receiver will have the final authority and none of the Defendants have any power to

---

[5] Advanced Suture is the sister company to Mesh Suture that owns the relevant
intellectual property of Mesh Suture.  Docket No. 221 at 5.

direct the Receiver to make any specific payments." *Id*.  The receiver's response to Schwartz's objection states that the receiver had not made a promise to pay the pre-receivership expenses because documentation was lacking and there was no indication that the costs were necessary for day-to-day operations of Mesh Suture.  Docket No. 184 at 11.  The receiver determined Schwartz's request for over $300,000 of Advanced Suture expenses was unreasonable and unnecessary.  *Id*. at 12.

Schwartz fails to show that the magistrate judge committed clear error in how he interpreted the disclaimer or the receiver's powers.  The magistrate judge denied as moot the Dumanians' objection to the receiver's financial report and motion for the payment of invoices because Schwartz had disclaimed his interest in the account. Docket No. 161 at 13.  The magistrate judge stated that no defendant may direct the receiver to make any specific payments and the receiver is authorized only to make payments necessary for the ongoing day-to-day business of Mesh Suture.  *Id.* Schwartz's argument that this "implies" a waiver of the right to be reimbursed by Mesh Suture does not show that the magistrate judge's determination is contrary to law, and the Court therefore overrules Schwartz's objection.

### 2. *Dr. Dumanian's Objections*

Dr. Dumanian filed a "limited objection" to the June order.  Docket No. 173.  Dr. Dumanian seeks clarification (1) that Dr. Dumanian is the lone remaining claimant seeking control of the account; (2) that "phase one" of the interpleader action is complete; and (3) on certain payments out of the account.  *Id.* at 2.  Dr. Dumanian states that he seeks only to "modify" the June order, not overturn it.  *Id.*  When

reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Dr. Dumanian does not argue that any portion of the magistrate judge's June order was clearly erroneous or contrary to law. *See* Docket No. 173. Accordingly, the Court overrules Dr. Dumanian's objections.

### B.  The August 7, 2020 Recommendation

On July 29, 2020, Schwartz filed a motion to enjoin the receiver from making certain payments, which Schwartz alleged were nonessential. Docket No. 193. In the August 7, 2020 recommendation, the magistrate judge recommends that the Court deny Schwartz's motion to enjoin the receiver from making nonessential payments and dismiss Schwartz from this lawsuit. Docket No. 199. The magistrate judge recommends denying the motion to enjoin because Schwartz could not establish irreparable harm. *Id*. at 6. The magistrate judge also *sua sponte* took up the matter of Schwartz's standing in this case, and recommends that, because Schwartz has disclaimed any interest in the account, he be dismissed from this case due to lack of standing. *Id*. Schwartz objects that the magistrate judge improperly construed his partial disclaimer of any personal interest in the account as a full disclaimer of his interest in and powers over the account.[6] Docket No. 202 at 1.

---

[6] Schwartz also filed notice of intent to filed objections to the magistrate judge's recommendation, wherein he requests that the Court set this matter for a hearing. Docket No. 202. Because the issues to be decided are purely legal issues, the Court finds that a hearing is unnecessary and denies Schwartz's motion. *See Shaw v. AAA Eng'g & Drafting, Inc*., 213 F.3d 538, 545 (10th Cir. 2000) ("An evidentiary hearing, however, was unnecessary to resolve these legal issues.").

Because dismissal of a party is a dispositive matter, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

The key issue in this objection is the scope of Schwartz's disclaimer.  Schwartz filed a disclaimer of interest in the account on April 24, 2020.  Docket No. 132.  The disclaimer states that Schwartz "hereby disclaims any and all personal rights, title, lien, claim or interest in Mesh Suture's Wells Fargo bank account" because the account "belongs to a single claimant . . . Mesh Suture . . . which is the Res that is the subject matter" of the interpleader action.  *Id.* (emphasis omitted).  Schwartz does not challenge the magistrate judge's conclusion in the June order that the disclaimer was valid.  *See generally* Docket No. 202; Docket No. 161 at 12.  Instead, Schwartz claims the magistrate judge read the disclaimer too broadly.  Schwartz's specific objections are that (1) the magistrate judge ignored the limiting word "personal" in his analysis; (2) the magistrate judge improperly concluded that the disclaimer was of "powers" as well as "interest;" (3) the magistrate judge conflated "powers" and "interest" when they are distinct concepts; (4) the scope of the disclaimer does not include Schwartz's powers and interest as a corporate fiduciary of Mesh Suture; and (5) the Court should address Schwartz's motion to enjoin nonessential payments on the merits.  Docket No. 202 at 9-12, 15 n.21.

### 1. Scope of Schwartz's Disclaimer [Docket No. 132]

Colorado has adopted the Uniform Disclaimer of Property Interests Act (the "UDPIA"), Colo. Rev. Stat. § 15-11-1201, *et seq.* The magistrate judge determined that the disclaimer was a valid disclaimer of interest in the account under the UDPIA, and held that it was irrevocable. Docket No. 161 at 12.

Section 15-11-1205 states that a "person may disclaim, in whole or in part, any interest in or power over property" and that "a fiduciary may disclaim, in whole or in part, any interest in or power over property . . . whether acting in a personal or representative capacity." *Id.* at § 15-11-1205(1)-(2). A disclaimer of an interest not in real property must be in writing, declare the disclaimer, "describe the interest or power disclaimed," be signed by the person making the disclaimer, and be filed or delivered. *Id.* at § 15-11-1205(3). Partial disclaimers are permitted and may be expressed as a limitation of a power or interest in the property. *Id.* at § 15-11-1205(4).

Schwartz claims that he has both fiduciary and personal interests in and powers over the account.[7] Docket No. 202 at 10, 12-13. Schwartz argues that the magistrate

---

[7] Dr. Dumanian argues that Schwartz is precluded from arguing that he made a limited or personal disclaimer, as opposed to a broad disclaimer, by the doctrine of judicial estoppel. Docket No. 207 at 8. For judicial estoppel, a court considers whether "1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped." *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1209 (10th Cir. 2011) (citation omitted). The second factor has not been met, however. The magistrate judge rejected Schwartz's argument that the disclaimer divested the Court of jurisdiction over this case. *See* Docket No. 161. Therefore, the Court has not accepted Schwartz's earlier position on the scope of the disclaimer and judicial estoppel does not apply.

judge ignored the word "personal" in the disclaimer, which "personal" interest Schwartz distinguishes from the interest and powers he claims to hold in the account as a fiduciary of Mesh Suture.[8]  *Id.* at 9, 12.  The disclaimer states that Schwartz "hereby disclaims any and all *personal* rights, title, lien, claim or interest in Mesh Suture's Wells Fargo bank account."  Docket No. 132 (emphasis added).  Schwartz claims that, because the disclaimer only describes his personal interest, it could not have been a valid disclaimer of his fiduciary interest and powers.  Docket No. 202 at 13.

The Court has not located a Colorado case that interprets a disclaimer of interest under the UDPIA.  However, courts in other states have looked to the principles of waiver and the disclaimant's intent to avoid an overly narrow interpretation of the meaning of a disclaimer.  *See In re Estate of Highfill*, 839 N.E.2d 218, 222 (Ind. Ct. App. 2005) (principles of waiver require that a person must have knowledge of the existence of the right and the intention to relinquish the right in order for the disclaimer to be valid); *Carvalho v. Estate of Carvalho*, 978 A.2d 455, 460 (Vt. 2009) (holding that a disclaimer of "all right, title and interest" in an estate was "plainly valid with regard to the specificity of the named property interest"); *Linder v. Delles*, 885 F. Supp. 2d 557,

---

[8] Dr. Dumanian argues that Schwartz waived this argument by not raising it in his objection to the magistrate judge's June 1, 2020 order.  Docket No. 207 at 9.  In the June order, the magistrate judge stated that Schwartz had "renounced his legal right or claim to the Mesh Suture Account" due to the disclaimer.  Docket No. 161 at 12.  However, the magistrate judge made no specific findings on the interests disclaimed, and Schwartz objected that the magistrate judge construed the disclaimer too broadly.  *See* Docket No. 161 at 12; Docket No. 172 at 13 ("It appears that [] the Court broadly interpreted Schwartz' disclaimer in the Account as a further waiver of Schwartz's right to be reimbursed by Mesh Suture, Inc, the Company . . .  [but] Schwartz does not need to have a personal interest in the Account, to ask for reimbursement from the Company.").  Accordingly, this argument was not waived.

562 (N.D.N.Y. 2012) (intent of the disclaimant is relevant in order to avoid an "overly narrow" construction of disclaimer).  Applying these principles to Schwartz's disclaimer, the disclaimer describes the account and states that it is a disclaimer of any and all personal rights, title, lien, claim, or interest.  *See* Docket No. 132.  The disclaimer is sufficiently specific to disclaim any personal claim to the account.

Given the scant caselaw on interpretation of a disclaimer under the UDPIA, the Court will also consider how a disclaimer of interest should be interpreted under Colorado law.  In *Vail/Arrowhead, Inc. v. District Court*, 954 P.2d 608, 612 (Colo. 1998), the Colorado Supreme Court considered a disclaimer of interest under Colo. R. Civ. P. 105(f)(3).  A party disclaimed an interest in real property despite having filed a lis pendens, which Colo. R. Civ. P. 105(f)(3) allows.  *Id*.  The party later claimed that the disclaimer was invalid due to duress.  *Id.*  The court stated that, in considering how the defense of duress applies "to a unilateral act such as a disclaimer of interest in property," the "jurisprudence of contracts [is] sufficiently analogous to the issue before us to provide a framework for the analysis."  *Id.*  Accordingly, the Court will construe the disclaimer under the framework of contract law.

Under Colorado law, the primary goal of contract interpretation is to determine and give effect to the intention of the parties.  *See Cache Nat'l Bank v. Lusher*, 882 P.2d 952, 957 (Colo. 1994); *Pepcol Mfg. Co. v. Denver Union Corp*., 687 P.2d 1310, 1314 (Colo.1984) (recognizing contract must be construed to ascertain and effectuate mutual intent of the parties).  The intent of the parties to a contract is to be determined primarily from the language of the instrument itself.  *See KN Energy, Inc. v. Great W*.

21

*Sugar Co.*, 698 P.2d 769, 776 (Colo.1985).  "It is axiomatic that [courts] . . . must enforce an unambiguous contract in accordance with the plain and ordinary meaning of its terms."  *USI Props. East, Inc. v. Simpson*, 938 P.2d 168, 173 (Colo. 1997).  "In ascertaining whether certain provisions of an agreement are ambiguous, the instrument's language must be examined and construed in harmony with the plain and generally accepted meaning of the words employed."  *Id.*

Here, the disclaimer states that Schwartz "disclaims any and all personal rights, title, lien, claim or interest" in the account because the account "belongs to a single claimant . . . Mesh Suture . . . which is the Res that is the subject matter" of the interpleader action.  Docket No. 132 (emphasis omitted).  The first issue is what "personal" means.  The context of the word's use does not suggest a limitation on its meaning.  The plain meaning of "personal" is "[o]f or affecting a person" and "[o]f or constituting personal property."  *Personal*, BLACK'S LAW DICTIONARY (11th ed. 2019). The Court has found no authority indicating that "personal" has a specific meaning in the context of an interpleader action or a disclaimer in interest.  The next issue is whether the nouns in the disclaimer are modified by the adjective "personal."  When an adjective is followed by a series of nouns, it typically applies to all of the subsequent nouns.  *See People v. Lovato*, 357 P.3d 212, 221 (Colo. App. 2014 ); *see also Midway Leasing, Inc. v. Wagner Equip. Co.*, – F. App'x – , 2021 WL 71254, at *5-6 (10th Cir. Jan. 8, 2021) (unpublished) (an adjective before a series "ordinarily appl[ies] to each noun in a series").  The Court finds that Schwartz's use of "personal" modifies all of the nouns that follow it, not just the word "rights."

Partial disclaimers are permitted under the statute.  *See* Colo. Rev. Stat. § 15-11-1205(4) ("[a] partial disclaimer may be expressed as a . . . limitation of a power[] or any other interest or estate in the property.").  Additionally, "a fiduciary may disclaim, in whole or in part, any interest in or power over property . . . whether acting in a personal or representative capacity."  *Id.* at § 15-11-1205(2).  The Court finds that the plain meaning of the phrase "disclaims any and all personal rights, title, lien, claim or interest" is that Schwartz disclaimed any personal property interest he had in the account, but did not waive any other interest, such as any fiduciary interest he may have.[9]

### 2. *Schwartz's Answer to the Complaint*

In his response to Schwartz's objection to the August 7 recommendation, Dr. Dumanian points out that Schwartz also disclaimed any interest he had in the account through his answer to the interpleader complaint.  *See* Docket No. 207 at 6 (citing Docket No. 133).  Schwartz filed an answer on April 24, 2020, the same day he filed his disclaimer in interest.  Docket Nos. 132, 133.  In the interpleader complaint, Wells Fargo alleged, "[a]t this time there exist rival, adverse, and conflicting claims between the Claimant Defendants as to the Restrained Proceeds."  Docket No. 1 at 6, ¶ 38.  In his answer, Schwartz stated, "Mr. Schwartz denies the allegations in Paragraph 38 of the Complaint; Mr. Schwartz has **disclaimed interest** in the Account which belongs to a single claimant, the Account Owner, Mesh Suture, Inc. (See Disclaimer of Interest, attached as **Exhibit 1**)."  Docket No. 133 at 13, ¶ 38.

---

[9] Dr. Dumanian claims that Schwartz was no longer a fiduciary of Mesh Suture at the time of Schwartz's disclaimer.  Docket No. 207 at 14.  Whether or not Dr. Dumanian terminated Schwartz as CEO is not germane to the interpretation issue.

A formal disclaimer is not the only way to disclaim interest in an interpleader action.  A claimant named in an interpleader action may disclaim an interest in the interpleader funds through its answer.  *See Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978) (noting that potential claimants who filed answers to interpleader complaint disclaimed any interest in the fund); *Rosenberg v. Nw. Mut. Life Ins. Co.*, 176 F. Supp. 379, 381 (D. Kan. 1959) (insurance company filed answer to complaint and counterclaim for interpleader wherein it disclaimed an interest in or claim to the insurance proceeds).  Courts have also recognized as disclaimers of interest pleadings indicating that a party does not wish to participate in an interpleader action. *See CalMat Co. v. Oldcastle Precast, Inc.*, 771 F. App'x 866, 868 (10th Cir. 2019) (unpublished) (describing district court dismissal of party who, within motion to dismiss, stated that he disclaimed any interest in the interpleader funds); *Edward D. Jones & Co., L.P. v. Equity Tr. Co.*, 2017 WL 4295215, at *2 (N.D. Okla. Sept. 27, 2017) (noting that defendant "disclaims any interest and wishes to take no position on the merits of which of the defendants is entitled to the funds."); *Youngstown Sheet & Tube Co. v. Lucey Prod. Co.*, 403 F.2d 135, 137 n.2 (5th Cir. 1968) (named claimant "has notified the Court that it does not desire to be a party to this appeal and that it disclaims any interest in the deposited fund"); *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996) (finding defendant barred from claiming interest in interpleaded funds when counsel for defendant had earlier verbally disclaimed any interest in the fund, and finding it immaterial whether court's entitlement to rely on counsel's statements in open court was "waiver," "judicial estoppel," or "renunciation"); *Birmingham Plumbers &*

*Steamfitters Local Union No. 91 Pension Plan v. Metcalf*, 2019 WL 6683820, at *2 (N.D. Ala. Dec. 6, 2019) ("Defendants have followed with a response . . . further clarifying expressly that [named claimant] disclaims any right to the benefits."); *cf. Gen. Atomic*, 553 F.2d at 58 (defendant not a "genuine claimant" when "not asserting entitlement" to the funds at issue).

In order to determine whether Schwartz has disclaimed any interest in the account through his answer, the Court will first consider the scope of Schwartz's disclaimer.  In the complaint, Wells Fargo alleges, "[a]t this time there exist rival, adverse, and conflicting claims between the Claimant Defendants as to the Restrained Proceeds."  Docket No. 1 at 6, ¶ 38.  In his answer, Schwartz states, "Mr. Schwartz denies the allegations in Paragraph 38 of the Complaint; Mr. Schwartz has **disclaimed interest** in the Account which belongs to a single claimant, the Account Owner, Mesh Suture, Inc.  (See Disclaimer of Interest, attached as **Exhibit 1**)."  Docket No. 133 at 13, ¶ 38.  Schwartz stated that he "disclaimed interest in the Account."  *Id.*  Schwartz did not qualify his answer as being limited to his "personal" interest, and the allegation in the complaint that Schwartz denied makes no distinction between personal and fiduciary interests.  *Id.*; *see also id.* at 4, ¶ 2 ("Mr. Schwartz has **disclaimed interest** in the subject **res**.").

In his answer to Paragraph 38, Schwartz cites the disclaimer of interest that he filed, which, as noted earlier, is limited to his personal interest.  Docket No. 133 at 13, ¶ 38 (citing Docket No. 132 disclaimer of interest).  Fed. R. Civ. P. 8(b)(1)(B) requires a defendant responding to a complaint to "admit or deny the allegations asserted against

it by an opposing party."  An allegation in the complaint "is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6); *see also State Farm Life Ins. Co. v. Weber*, 2020 WL 5761549, at *1 (D. Kan. Sept. 28, 2020) ("A fact not specifically denied will stand admitted and will not be at issue at trial.") (internal quotation marks and citation omitted).  A party that intends to deny only part of an allegation "must admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(4).  A party may make a general denial of all the allegations, but a "party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."  Fed. R. Civ. P. 8(b)(3).  In his answer, Schwartz denies any allegations in the complaint that are not specifically admitted.  Docket No. 133 at 16.  Schwartz's reference to the disclaimer of interest that he filed is insufficient to contravene the plain language of his answer, which is not limited to his personal interests and is in response to an allegation that makes no distinction between personal and fiduciary interests.  If the answer was limited to Schwartz's personal interest, Schwartz would have had to admit that there were competing claims to the account (his fiduciary interests and the Dumanians' claims), but instead he denied it.  *See* Docket No. 133 at 13, ¶ 38.

Additionally, other contemporaneous filings made by Schwartz show that the disclaimer in his answer was of all of his interest.  On the same day that he filed the Docket No. 132 disclaimer, Schwartz filed a response to Wells Fargo's motion to interplead the funds wherein he stated that "given that Schwartz has disclaimed any interest in . . . [the account], there are no longer two or more adverse claimants of diverse citizenship claim[ing] rights to the property."  Docket No. 134 at 6, ¶ 30 (internal

quotation marks omitted).  Two weeks later, Schwartz filed a motion to dismiss for lack of jurisdiction making the same argument.  Docket No. 151 at 6, ¶ 39 ("Given that Schwartz has disclaimed ownership interest in Mesh's Account, which belongs solely to it as a corporate entity, and no individual person, there are presently no adverse claimants of diverse citizenship before this Court claiming ownership of the subject Account res.").  It would be impossible for Schwartz to argue that there were no longer two diverse parties if his answer to Paragraph 38 did not divest him of all of his claims to the account.  The Court finds that plain language of the answer disclaimed all of Schwartz's interest in the Mesh Suture account.[10]

The last issue is the effect of Schwartz's answer.  "Judicial admissions are formal admissions which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."  *Grynberg v. Bar S Serv., Inc.*, 527 F. App'x 736, 739 (10th Cir. 2013) (unpublished) (quoting *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 716 (10th Cir. 1993)) (internal alterations omitted).  Judicial admissions in an answer are binding.  *Id.*  "Admissions in the pleadings are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." *Id.* (quoting *Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir.1990) (internal alterations omitted).  A party's "attempt to disavow his earlier judicial admissions . . . with seemingly contrary evidence at summary judgment does not create a disputed issue of fact."  *Id.; see also Saghian v. Shemuelian*, 835 F. App'x 351, 353

---

[10] The Court rejects Schwartz's arguments about having retained powers over, as opposed to interest in, the account, *see* Docket No. 202 at 10, for the same reasons.

(10th Cir. Nov. 5, 2020) (unpublished) (denying defendants' attempts to create a genuine dispute over value of contract on summary judgment when defendants had admitted the value in their answer and amended answer); *Brice*, 919 F.2d at 1314 (holding earlier judicial admissions binding even after admitting party later produced evidence at summary judgment contrary to the admissions); *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107-08 (5th Cir. 1987) (per curiam) (holding facts pled in complaint binding, even though admitting party submitted an affidavit at summary judgment that conflicted with statements in complaint). Schwartz's statements in his answer are binding judicial admissions.

The magistrate judge recommended that, because he disclaimed his entire interest in the account, Schwartz be dismissed due to lack of standing.[11] Docket No. 199 at 6. Schwartz's objection to the August 7 recommendation focuses on the magistrate judge's allegedly overbroad interpretation of his disclaimer. *See generally* Docket No. 202. However, Schwartz made three arguments that he should not be dismissed from this case even if he disclaimed all of his interest in the account. They are that (1) he still has a 45% ownership interest in Mesh Suture, and for the same reason that Crosson was permitted to intervene as a matter of right pursuant to Fed. R. Civ. P. 24 to protect her interests, he should be permitted to remain in the suit to protect his 45% interest; (2) construing him to have disclaimed his entire interest in the

---

[11] Schwartz attempts to file an amended disclaimer that "clarifies" that he made the disclaimer in his individual capacity and did not disclaim any fiduciary interest in the account of any powers to control the account. Docket No. 202-1. However, as noted above, his answer is not so limited. Accordingly, Schwartz is bound by his answer regardless of whether his "amended" disclaimer is valid.

account, when it is clear to all parties that Schwartz's primary objective is to assert

control over Mesh Suture and then assert control over the account, would be

inequitable and needlessly punitive; and (3) dismissing him from the case risks

inconsistent rulings between this Court and the Northern District of Illinois.[12]   Docket

No. 202 at 10, 14-15.

None of these arguments deal with the fundamental premise of the magistrate

judge's recommendation that a party who has disclaimed any interest in the funds of an

interpleader action does not have standing to participate in the case.  "Normally, when a

defendant in an interpleader action files a declaration disclaiming any interest in the

funds . . . that defendant has no further interest or legal standing in the action."[13]

*Amoco Prod. Co. v. Aspen Grp.*, 189 F.R.D. 614, 616 (D. Colo. 1999).  If a party has

disclaimed an interest in the interpleaded funds, it is appropriate to dismiss the party

from the case.  *See Money Store v. I.R.S.*, No. 96-cv-02116-EWN, 1999 WL 628290, at

---

[12] Schwartz identifies no law supporting the proposition that he should be a party pursuant to Rule 24 when he has disclaimed any interest in the account, and the Court rejects this argument.  Similarly, Schwartz's reference to the inequity that would befall him if he were dismissed is unpersuasive – Schwartz engaged in a litigation tactic that backfired.  Holding Schwartz to the consequences of his actions in this case is not inequitable.  As for his final argument, the possibility of inconsistent rulings, not only does the Court fail to see the risk of that, but, to the extent that Schwartz created the risk through his answer, he has only himself to blame.

[13] In *Amoco Prod.*, 189 F.R.D. at 616, the court declined to dismiss defendants who had disclaimed any interest in the interpleader funds in their individual capacities because they were a indispensable parties under Rule 19.  The defendants were alleged to be the fiduciaries of an entity that had a claim to the interpleader funds, and the resolution of that relationship was necessary to determine the proper distribution of the interpleader funds.  *Id.*  In contrast, Schwartz has disclaimed all of his interest in the account, and the resolution of his relationship with Mesh Suture is therefore unnecessary to determine the proper distribution of the account.

29

*2 (D. Colo. Mar. 8, 1999) (dismissing defendants from interpleader action who disclaimed interest in the stake); *see also Gen. Elec. Capital Assur. v. Van Norman*, 209 F. Supp. 2d 668 (S.D. Tex. 2002) (dismissing defendant who disclaimed interest in estate that was subject of interpleader action and never appeared in the case because, as a matter of law, no controversy existed between him and the other defendants).  For example, in *Admin. Comm. of Northrop Grumman Savings Plan v. Lankford*, No. 14-cv-00536-PAB-MJW, 2015 WL 1884452, at *3-4 (D. Colo. Apr. 24, 2015), the court found that the primary beneficiary of the retirement account had forfeited his interest and that one of the secondary beneficiaries had executed a disclaimer of his interest pursuant to Colo. Rev. Stat. § 15-11-1501, *et seq.*  The court granted summary judgment to the remaining secondary beneficiaries and granted them each half of the account at issue. *Id.*

Similarly, Schwartz has disclaimed any interest in the account and is therefore prohibited from participating in this litigation.  *See also Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1142-43 (8th Cir. 1976) (affirming district court dismissal of defendants who disclaimed any interest in the interpled funds).  Because Schwartz has disclaimed any interest in the account, "he has no further legal standing in the interpleader suit" and the proper course of action is to dismiss him.  *See Savage v. First Nat'l Bank & Trust Co. of Tulsa*, 413 F. Supp. 447, 452 (N.D. Okla. 1976) (quoting 48 C.J.S. Interpleader § 24 (1947)).  The Court thus overrules Schwartz's objections, accepts the recommendation of the magistrate judge, and dismisses Schwartz from this action.[14]

---

[14] Because the Court accepts the magistrate judge's recommendation, the Court denies as moot Schwartz's motion to enjoin the receiver from making nonessential

### C.  Outstanding Motions

Because the Court dismisses Schwartz from this suit, the Court denies as moot Schwartz's motion to dismiss for lack of subject matter jurisdiction.[15]  *See* Docket No. 151.  Dr. Dumanian filed a motion for leave to file crossclaims against Schwartz and a motion for a preliminary and permanent injunction seeking judgment in his favor on the proposed crossclaims and asking that the preliminary injunction hearing be consolidated with the trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).  *See* Docket Nos. 127, 129.  Schwartz is no longer a party to this lawsuit, so the Court denies these motions as moot.

### D.  First-to-File Rule

The Court directed the parties to file briefs addressing whether or not they oppose transfer of this action to the Northern District of Illinois.  Docket No. 203.  Upon review of the briefs, the Court determines that transfer under the first-to-file rule would not be appropriate.

## III.  CONCLUSION

It is therefore

---

payments.

[15] Schwartz filed a  Notice of Intent to File Written Objections to Magistrate's Recommendation (D.199) in Response to Movant's Motion to Enjoin (D.193) Pursuant to Fed. R. Civ. P. 72(b) and Request to Set a Hearing Pursuant to Fed. R. Civ. P. 12, 53, 65, and 78.  Docket No. 200.  Schwartz requests that the Court hold a hearing on the magistrate judge's recommendation that he be dismissed from the case.  *Id.* Because the issues to be decided are legal as opposed to factual issues, the court declines hold a hearing and denies the motion.  *See Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000) ("An evidentiary hearing, however, was unnecessary to resolve these legal issues.").

ORDERED that Defendant Mark Schwartz's Objection to Magistrate's Order (D.161) [Docket No. 172] is **OVERRULED**.  It is further

ORDERED that Dr. Dumanian's Limited Objection to Magistrate Judge Gallagher's Order Dated June 1, 2020 (ECF No. 161) [Docket No. 173] is **OVERRULED.**  It is further

ORDERED that the Report and Recommendation of Magistrate Judge Gordon P. Gallagher [Docket No. 199] is **ACCEPTED**.  It is further

ORDERED that Mark Schwartz's Objection to Magistrate's Recommendation (D.199) Pursuant to Fed. R. Civ. P. 72(b) [Docket No. 202] is **OVERRULED**.  It is further

ORDERED that Schwartz's Notice of Intent to File Written Objections to Magistrate's Recommendation (D.199) in Response to Movant's Motion to Enjoin (D.193) Pursuant to Fed. R. Civ. P. 72(b) and Request to Set a Hearing Pursuant to Fed. R. Civ. P. 12, 53, 65, and 78 [Docket No. 200] is **DENIED**.  It is further

ORDERED that Defendant's Urgent Motion to Enjoin Receiver From Making Non-Essential Payment on Mesh Suture's Behalf Until Further Order of the Court [Docket No. 193] filed by Schwartz is **DENIED AS MOOT**.  It is further

ORDERED that Schwartz's Motion to Dismiss for Lack of Jurisdiction Pursuant to § 1335 and For Rule to Show Cause [Docket No. 151] is **DENIED AS MOOT**.  It is further

**ORDERED** that Defendant Gregory Dumanian's Motion for Leave to File Crossclaims Against Defendant Mark Schwartz [Docket No. 127] is **DENIED AS MOOT**. It is further

**ORDERED** that Dr. Dumanian's Motion to Exceed Page Limitation on Crossclaimant's Motion for Preliminary Injunction [Docket No. 128] is **DENIED AS MOOT**.  It is further

**ORDERED** that Dr. Gregory Dumanian's Motion for a Preliminary and Permanent Injunction Against Mark Schwartz [Docket No. 129] is **DENIED AS MOOT**. It is further

**ORDERED** that Mark A. Schwartz is dismissed from this action.

DATED March 31, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge