IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03218-PAB-GPG

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

MESH SUTURE INC.,
RANDA DUMANIAN,
GREGORY A. DUMANIAN, and
ADOM DUMANIAN,

    Defendants,

v.

ZABELLE CROSSON,

    Intervenor Defendant.

_____

**ORDER**
_____

This matter is before the Court on Dr. Dumanian's Motion for Summary Judgment [Docket No. 226].

## I. BACKGROUND[1]

The following facts are the undisputed material facts listed in Dr. Dumanian's motion for summary judgment.

Wells Fargo filed this interpleader action due to a dispute over control of Wells Fargo Simple Business Checking Account No. XXXXXX8414 (the "account"). Docket

---

[1] More detailed background of this case can be found in the Court's March 31, 2021 order [Docket No. 225].

No. 226 at 4-5, ¶¶ 1, 3. The complaint alleges that Wells Fargo has no interest in the account. *Id.* at 4, ¶ 2. Defendants Randa Dumanian and Adom Dumanian have not asserted any interest in the account and have filed disclaimers of interest in the account with the Court. *Id.* at 5, ¶¶ 4-6. Intervenor defendant Zabelle Crosson ("Crosson") filed a joinder in Dr. Dumanian's motion for summary judgment and does not assert any interest in controlling the account. *Id.*, ¶ 8. The Court dismissed defendant Mark A. Schwartz ("Schwartz") from this case because he had no legal standing. *Id.*, ¶ 9. Dr. Dumanian is the sole remaining claimant who seeks to control and exercise fiduciary duties over the account. *Id.* at 6, ¶ 13.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Wells Fargo does not contest the motion for summary judgment. *See* Docket No. 233. However, the uncontested nature of the filing does not mean summary judgment is automatically proper. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." *Id.* The district court must first determine if the movant has met this initial burden; if the movant has not, then summary judgment is inappropriate because "[n]o defense to an insufficient showing is required."

2

*Id.* at 1195 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970)). "The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment." *Id.*

## III. ANALYSIS

### A. Motion for Summary Judgment

Dr. Dumanian asks the Court to enter summary judgment in his favor because the undisputed material facts establish that he is the only remaining claimant in this case to the account. *See* Docket No. 226 at 2. Dr. Dumanian argues that, because all other defendants have either been dismissed (i.e., Schwartz) or disclaimed their interest (i.e., Randa Dumanian and Adom Dumanian), as the sole remaining claimant the Court should grant him control. *Id.* at 7-8.

Wells Fargo brought this interpleader case because of a dispute over who controlled one of its accounts. Docket No. 226 at 4, ¶ 1. "Interpleader is a form of joinder open to one who does not know to which of several claimants it is liable." *Amoco Prod. Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1114 (D. Colo. 1999) (citation omitted). Wells Fargo named various persons disputing control of the account as defendants, including Dr. Dumanian. *See* Docket No. 1 at 1. Dr. Dumanian, as the only remaining defendant claiming the right to control the account, asks the Court to grant summary judgment in his favor and award him control. Docket No. 226 at 9.

> An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple

> liability, and whether any equitable concerns prevent the use of interpleader. . . . During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*United States v. High Tech. Prods., Inc*., 497 F.3d 637, 641 (6th Cir. 2007) (citation omitted). In its March 31, 2021 order, the Court found that it had jurisdiction and that Wells Fargo was "actually threatened with double or multiple liability," *see* Docket No. 225 at 8-15; the Court adopts this analysis and will not repeat it. The Court also overruled Schwartz and Dr. Dumanian's objections to the magistrate judge's order denying without prejudice Wells Fargo's motion to interplead the funds of the account into the Court registry, which found that, despite the conditions of interpleader being satisfied, interpleading the funds was not appropriate at that time because to do so would prevent Mesh Suture, Inc. ("Mesh Suture") from being able to pay essential bills.[2] *Id.* at 7, 16-17. Instead, the Court kept the receiver in place but found that doing so did not divest the Court of jurisdiction over this interpleader action. *Id.* at 11-12.

Following the Court's March 31, 2021 order, this case has now reached the second stage. In the second stage, the Court determines the rights of the claimants to the funds "via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech. Prods*., 497 F.3d at 641. As any other action, an interpleader action may be decided on summary judgment. *See, e.g.*, *Admin. Comm. of Northrop Grumman Sav. Plan v. Lankford*, No. 14-cv-00536-PAB-MJW, 2015 WL 1884452, at *4

---

[2] On February 11, 2020, Magistrate Judge Gordon P. Gallagher granted Dr. Dumanian and Randa Dumanian's motion to appoint a receiver for the account. Docket No. 87. The Court appointed the receiver so that Mesh Suture could continue to operate while the dispute over its control progressed through litigation. *Id.* at 5-6.

(D. Colo. Apr. 24, 2015) (construing motion for summary judgment as including motion for that the Court find interpleader properly invoked).  This process involves the Court determining the rights of the respective claimants to the funds.

The complaint named Mesh Suture,[3] Dr. Dumanian, Randa Dumanian, Adom Dumanian, and Schwartz as the claimants to the account.  *See* Docket No. 1.  Crosson does not claim to assert any interest in controlling the account.  Docket No. 221 at 5, ¶ 8.  Randa Dumanian and Adom Dumanian have both filed declarations that they "do not claim any interest in the Account or the funds in the Account, and [] do not claim to control Mesh Suture or its Board of Directors."  Docket Nos. 173-1 at 2, 173-2 at 2.  The Court dismissed Schwartz from this action because the Court found that he lacked legal standing.  Docket No. 226 at 5, ¶ 9; *see also* Docket No. 225 at 30.  It is undisputed that Dr. Dumanian is the sole remaining claimant to the account.

As the only remaining claimant identified by Wells Fargo in this interpleader action, it is proper to award Dr. Dumanian the funds.  *See Lankford*, 2015 WL 1884452, at *4 (granting motion for summary judgment in favor of remaining defendants where other claimants had either forfeited or disclaimed their interest); *CalMat Co. v. Oldcastle Precast, Inc.*, 2017 WL 6261480, at *2 (D.N.M. Dec. 4, 2017) (granting motion for summary judgment in favor of the remaining defendant in interpleader case because "[u]nder these circumstances, the remaining [d]efendant . . . is entitled to the royalty payments"), *aff'd*, *CalMat Co. v. Oldcastle Precast, Inc.*, 771 F. App'x 866 (10th Cir.

---

[3] Though Mesh Suture is named as a defendant in the complaint, the Court has previously found that Mesh Suture is not a "genuine claimant" because it "cannot make a claim to the account that is independent of either Schwartz or Dr. Dumanian."  Docket No. 225 at 15.

2019) (unpublished); *cf. Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *Pressman v. Est. of Steinvorth*, 860 F. Supp. 171, 177 (S.D.N.Y. 1994) ("[A]s universal heir to the Steinvorth Estate and sole claimant in the interpleader action, [defendant] is entitled to summary judgment and an awarding of the Interpleader Funds."). The undisputed material facts establish that Dr. Dumanian is the sole remaining claimant to the account in this case. The Court will grant Dr. Dumanian's motion for summary judgment and award him control of the account.

### B. Attorneys' Fees

Wells Fargo asks the Court to award it attorneys' fees and costs. Docket No. 233 at 2. "Federal practice . . . has followed the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover costs and attorney's fees from the stake itself." *Life Ins. Co. of N. Am. v. Hale*, No. 08-cv-02551-RPM-KMT, 2009 WL 2843270, at *3 (D. Colo. Aug. 31, 2009) (quoting *Life Invs. Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002)). During the course of this litigation, Wells Fargo incurred $140,938.90 in attorneys' fees and $1,365.48 in costs. Docket No. 233 at 2. However, Dr. Dumanian and Crosson have stipulated to $124,500.00 being awarded to Wells Fargo out of the account and Wells Fargo is agreeable to this compromise. *Id.* at 3. While an award of $124,500.00 is a significant sum, this case has been thoroughly and aggressively litigated since its inception. The Court finds the agreed upon sum of $124,500.00 to be an appropriate award of attorneys' fees and

6

costs.

## C.  Terminating the Receiver

The receiver filed a response to Dr. Dumanian's motion for summary judgment taking no position on the merits of the motion for summary judgment.  Docket No. 231 at 2.  The receiver asks that, if the Court grants the motion for summary, before the receivership action is terminated and/or dismissed, and within 14 days of an order granting summary judgment, that the receiver be permitted to file (1) the receiver's final report, and (2) a motion seeking to approve all reports, terminate the receivership, discharge and release the receiver, and otherwise appropriately wind down the receivership.  *Id.* at 3.  The receiver also requests "specific instructions from the Court directing the appropriate disposition of the Account and the funds in the possession of the Receiver following its discharge."  *Id.*

Dr. Dumanian and Wells Fargo do not object to these requests from the receiver. *See* Docket No. 233 at 3; Docket No. 234 at 2.  Accordingly, the Court will grant the receiver's request for leave to file a final report and a motion seeking to approve all reports, terminate the receivership, discharge and release the receiver, and otherwise appropriately wind down the receivership within 14 days of the entry of this order.

## C.  Schwartz's Motion

On April 10, 2021, Schwartz filed a motion styled as an objection to Dr. Dumanian's motion for summary judgment or, in the alternative, a motion for reconsideration of the Court's order dismissing Schwartz and/or amendment of the order to include a statement of finality and/or certification of issues for appeal.  Docket

No. 228. Because the Court dismissed Schwartz from this lawsuit, Schwartz has no right to file a response to Dr. Dumanian's motion for summary judgment. Therefore, the Court first considers the motion as one for reconsideration of its order dismissing Schwartz from the case.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).

Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *Cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Schwartz's motion does not identify any new evidence or legal authority or argue that the Court's ruling was clearly in error. *See* Docket No. 228 at 3. Schwartz's only argument is that there is a lack of clear caselaw. *See id.* Therefore, the Court denies Schwartz's motion to the extent it seeks reconsideration of the Court's March 31, 2021 order.

Schwartz's motion also asks the Court to stay this case pending an appeal pursuant to Fed. R. Civ. P. 62, and/or amend the judgment to include a statement of finality, and/or certify two issues for appeal. *Id.* The issues Schwartz asks the Court to certify are (1) whether the Court erred in finding that it had jurisdiction over this case, and (2) whether the Court erred in interpreting his disclaimer and answer too broadly. *Id.* at 3, n.1. Title 28 U.S.C. § 1292(b) provides four criteria that must be satisfied before an issue may be certified for interlocutory appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Smith v. Argent Mortg. Co., LLC*, No. 05-cv-02364-REB-BNB, 2007 WL 3232078, at *2 (D. Colo. Oct. 30, 2007). In general, only exceptional circumstances justify departing from the basic policy of postponing appellate review until after final judgment. *Id.* Besides noting a scarcity of

caselaw, Schwartz has made no attempt to meet the four criteria or show why this is an exceptional circumstance warranting departure from standard policy. *See* Docket No. 228 at 3. Accordingly, the Court will deny the portion of the motion asking the Court to certify two questions for interlocutory appeal.

Schwartz also asks the Court to amend the order to include a statement of finality. *Id.* He makes this argument "pursuant to Fed. R. Civ. Proc. 52, 58, 59, 60 & 62," but provides no detail on how any of these rules should be applied to amend the March 31, 2021 order in this case. *See id.* Schwartz is a licensed attorney in Colorado, *see* Docket No. 230; thus, the Court does not extend a liberal construction to his motions. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Schwartz's motion does not provide any grounds for the Court to amend its prior order. Therefore, the Court will deny it.

The Court will deny Schwartz's motion for reconsideration, motion for certification of issues for appeal, motion for amendment of the order to include a statement of finality, and motion for a stay pending appeal. Because Schwartz remains dismissed from this lawsuit, he has no right to file a response to Dr. Dumanian's motion for summary judgment and the Court declines to consider the arguments Schwartz advances against summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Dr. Dumanian's Motion for Summary Judgment [Docket No. 226] is **GRANTED**. It is further

10

**ORDERED** that entry of judgment is **STAYED** pending the winding down of the receivership. It is further

**ORDERED** that, within 14 days of the entry of this order, the receiver shall file (1) a final report, and (2) a motion seeking to approve all reports, to terminate the receivership, discharge and release the Receiver and otherwise appropriately wind down the receivership estate. Any response to this motion shall be filed within 7 days of the motion. It is further

**ORDERED** that $124,500.00 shall be distributed from Wells Fargo Simple Business Checking Account No. XXXXXX8414 to Wells Fargo Bank, N.A. It is further

**ORDERED** that Wells Fargo is discharged from any liability concerning the control dispute over Wells Fargo Simple Business Checking Account No. XXXXXX8414. It is further

**ORDERED** that Schwartz's Objection to Dumanian's Motion for Summary Judgment (D.266) as Being Premature, Request to Maintain the Receivership in Place Until the Illinois Court Rules or, in the Alternative, Motion for Reconsideration and/or Statement of Finality or Certification of Issues for an Immediate Appeal per F.R.C.P. 52, 58, 59, 60, & 62 [Docket No. 228] is **DENIED**.

DATED June 30, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge